UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA REEVES,<br>    *Appellant*, | )<br>)<br>) |
| *vs.* | )   1:10-cv-0108-JMS-TAB<br>) |
| GERALD WAYNE DAVIS, JR.,<br>    *Appellee.* | )<br>)<br>) |

## ORDER

"Although Chapter 7 affords a fresh start to individual debtors after bankruptcy, some debts can survive whole despite a general discharge," *FDIC v. Meyer*, 120 F.3d 66, 68 (7th Cir. 1997) (citation omitted), including those debts incurred through "false pretenses, a false representation, or actual fraud," 11 U.S.C. § 523(a)(2)(A).  The Appellant, Ms. Reeves, contends that Bankruptcy Judge Otte improperly permitted the Appellee, Mr. Davis, to obtain a discharge of just such a debt:  an unpaid $84,676.95 judgment (valued as of May 18, 2008) obtained from an Indiana state court for having committed a "deceptive" act under the Indiana Home Improvement Contracts Act, Ind. Code § 24-5-11-1 *et seq.*  [APP-0006-09, 0011 ¶11.]  Specifically, the state court found that Mr. Davis wrongly failed to provide Ms. Reeves with a written contract that was supposed to include, among other things, "a reasonably detailed description of all the proposed home improvements," [APP-0008 ¶20].  The state court also found that Mr. Davis began improvements that were never completed, and that some improvements were never begun, [*id.* ¶23].

Unlike Indiana's common-law tort of fraud, *Sees v. Bank One, N.A.*, 839 N.E.2d 154, 161 n.6 (Ind. 2005) (declining to revisit Indiana's rule despite the weight of authority from other jurisdictions), § 523(a) encompasses making a promise with no intention of keeping it, *e.g., Blet-*

*nitsky v. Jairath*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001) (citations omitted).  Because the Bankruptcy Court here concluded, after an evidentiary hearing, that Mr. Davis entered into the home renovation agreement with pure intentions—that is, that he "fully intended to perform the work he reasonably believed he was obligated to perform," [APP-0142]—it held that Ms. Reeves hadn't satisfied her burden of proving the judgment non-dischargable under § 523(a), [APP-0143].[1]

Insofar as Ms. Reeves seeks to challenge the Bankruptcy Court's factual finding concerning Mr. Davis' lack of scienter, she asks too much given the highly deferential "clearly erroneous" standard of review that applies to such factual challenges.  *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."); *Ind. Dept of Revenue v. Williams*, 301 B.R. 871, 875 (S.D. Ind. 2003) (Hamilton, J.) (citation omitted).  As the state court noted, and as the Bankruptcy Court agreed, [*see* APP-0141], "the lack of detail in the contract[] and the uncertainty about which version of the contract applies" made "[d]eciding what work remains to be done [under the contract]…difficult," [APP-008 ¶¶20, 23].  (The state court resolved that difficulty by construing ambiguities against Mr. Davis, for having violated a statute designed to prevent them.  [*Id.* ¶23.])  Furthermore, like at the state court trial, Mr. Davis testified that he didn't think that building a

---

[1] The Court won't address Ms. Reeves' allegations of fraud based upon Mr. Davis' lack of licensure.  That claim wasn't adequately raised in her complaint filed below under Federal Rule of Civil Procedure 8's general pleading standards—much less under the heightened pleading standards applicable to claims of fraud under Rule 9(b), *see New Century Bank, N.A. v. Carmell*, 424 B.R. 401 (Bankr. N.D. Ill. 2010).  Nor was it raised in her motion for summary judgment.  [*See* APP-0069-80.]  Claims not presented at the trial court may not be raised on appeal.  *E.g., United States v. Marvin*, 135 F.3d 1129, 1141 (7th Cir. 1998).

porch was ever part of his contract with Ms. Reeves.  [APP-0007 ¶6, -0204.]  Against that backdrop of conflicting evidence, this Court cannot say that the Bankruptcy Court clearly erred in finding that Mr. Davis' good-faith and reasonable—though legally incorrect—belief about the scope of his contractual obligations precluded the applicability of § 523(a).  *Cf. Christenson v. Lee*, 415 B.R. 367, 375 (Bankr. E.D. Wis. 2009) (explaining that true mistakes, even careless ones, don't provide the scienter needed for § 523(a)) (citation omitted).[2]

Ms. Reeves also claims that the Bankruptcy Court was required to defer to the state court's findings of fact about Mr. Davis' scienter.  *See In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004) (holding that the debtor was precluding from litigating state court default fraud judgment in bankruptcy proceedings).  That claim presents a pure question of law and thus receives *de novo* review, *Williams*, 301 B.R. at 875 (citation omitted).  Still, she cannot prevail on it because the state court didn't need to, and in fact didn't, make any such findings.  The "deceptive" act that subjected Mr. Davis to liability—a failure to provide a valid written contract—constitutes a strict liability offense.  *See Mullis v. Brennan*, 716 N.E.2d 58, 65 (Ind. Ct. App. 1999) (holding that contractors are held to a "strict standard" for violations of the Home Improvement Contracts Act).

Trying to avoid the fact that violating the Home Improvement Contracts Act doesn't automatically constitute a § 523(a) fraud, Ms. Reeves speculates that the state court exercised its statutory discretion to award attorney's fees because the state court believed that he had engaged

---

[2] Ms. Reeves repeatedly emphasizes that although Mr. Davis testified that he never intended to build the porch for her, the state court determined that the porch was within the contract.  However, the state court's ruling was based upon Mr. Davis' failure to include in the parties' contract the precise scope of work to be performed, in violation of state law.  The state court essentially decided to estop Mr. Davis from denying the scope of work; it did not make a finding that he possessed any mens rea.  What matters here is whether he intended to perform his contractual promises, as he understood them.  The state court did not address that issue.

in "fraudulent" conduct. [*See* dkt. 5 at 14.] But the state court offered no explanation for its decision to award attorney's fees and could have awarded them for other reasons. *See Benge v. Miller*, 855 N.E.2d 716, 721 (Ind. Ct. App. 2006) (affirming attorneys' fee award where homeowner proved violation of, among other things, Home Improvement Contracts Act even though homeowner didn't prevail on a common law fraud theory).

Given that the Court finds no error in the Bankruptcy Court's conclusion that Mr. Davis lacked the scienter necessary for § 523(a) to apply, the Court need not, and will not, evaluate the rest of Ms. Reeves' arguments. Whether or not the Bankruptcy Court improperly decided that building the porch technically fell outside the contract, or that Ms. Reeves' unreasonable expectations of the project justified Mr. Davis' abandonment of the project, any such error would be harmless and thus no grounds for reversal. Fed. R. Civ. Pro. 61.

The decision of the Bankruptcy Court is **AFFIRMED**.

06/23/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Samuel D. Hodson
BARNES & THORNBURG LLP
samuel.hodson@btlaw.com

Vincent S. Taylor

- 5 -

vstaylor@hughes.net